Fort Bragg Police Department

250 Cypress Street
Fort Bragg, CA 95437-5437

Bus: (707) 961-2800
Fax: (707) 961-2806

| Case Number | Date | Officer |
|---|---|---|
| FG2301083 | 11/08/23 | ONEAL |

## Primary Narrative

**NARRATIVE:**

On 11/01/2023, Daniel Kisliuk was arrested for violation of 69 PC after he threatened to kill officers and made threatening movements during the towing of his vehicle. Kisliuk was transported to County Jail, denied pre-trial release, and ultimately released on bond on 11/06/2023. Refer to **FG2301063** for officer safety issues related to Kisliuk and information related to his use of police scanners to track and confront police officers while they are investigating crimes.

On 11/07/2023, at approximately 1145 hours, I responded to the alley east of the 400 Block of N Franklin Street to assist Sergeant McLaughlin with a child abuse investigation. That investigation ultimately led to the arrest of a mother after her five-year daughter was found unfed, living in a vehicle covered in canine feces and mold, on a wet mattress. That investigation is detailed in **FG2301083**.

While on scene investigating the child abuse investigation, we were supervising the distraught mother (suspect), her angry brother, and an upset five-year-old child. Additionally, there were two suspect vehicles involved; both of which contained a large amount of property and neither of which had been adequately searched. It is also worth noting that the scene where this investigation took place was narrow alley with fences comprising the majority of both sides of the alley. This created a funnel to the north and south of area where Officers were located. Due to the multiple increased risks to officer safety and the highly volatile nature of child abuse investigations, we requested a third officer to our location.

At (body-worn camera (BWC) video time), Daniel Kisliuk arrived at our location. It was apparent that Kisliuk had been listening to our radio traffic regarding towing one of the vehicles because he ran up to the scene screaming "What are you stealing someone else's car?" I informed Kisliuk that we were conducting a child abuse investigation and ordered him to stay behind the rear patrol vehicle in the alley (approximately 45 feet from the suspect, and suspect vehicles). I noted that Kisliuk approached in an aggressive manner, including walking quickly, his face appeared red, and when he spoke it was obvious that he was already agitated.

I informed Kisliuk that I was aware that he was in possession of a knife (front left pants pocket). I warned Kisliuk no less than three times that he needed to stay behind the end of the patrol vehicle or he was going to be handcuffed and arrested. Kisliuk indicated that he understood the warning because stated

Fort Bragg Police Department

250 Cypress Street
Fort Bragg, CA 95437-5437

Bus: (707) 961-2800
Fax: (707) 961-2806

something similar to "Oh, you're going to violate my 4th Amendment rights and arrest me?"

I returned to conducting my investigation while Sergeant McLaughlin continued to supervise Kisliuk. As I was attempting to communicate with Officer Franco regarding the investigation I could hear Kisliuk screaming about us "Going to hell" and "Allah is watching".

I returned to assist Sergeant McLaughlin with supervising Kisliuk while Officer Franco continued the investigation and I noted that Kisliuk was still agitated and yelling.

From approximately 30 feet away, Kisliuk stated, "You're scaring me bro. I'm in fear for my own safety". I informed Kisliuk that he could come any closer because of his previous threats included his statement that he was going to provoke us until we put a bullet in his brain (**FG2301063**). Kisliuk responded with "I told them that because you guys make me feel suicidal". Kisliuk sounded as if he was starting to cry when he made the statement.

Kisliuk's confirmation on his previous statement of pursuing a "death by cop", combined with him approaching law enforcement with knife unprovoked in an agitated manner led me to believe that Kisliuk was intentionally attempting to provoke law enforcement into using violence against him.

I informed Kisliuk that I was concerned for his mental health and Kisliuk responded by chanting, "Allah is watching, you are going to burn in hell, Allah is watching". Kisliuk then walked away east on E Pine Street rapidly (1237 hours).

At approximately 1245 hours, I informed Dispatch via radio that we had "Detained a mother and child". At approximately 1251 hours, I overheard Sergeant McLaughlin state something to the effect of "Is that Daniel?" When I looked south from our location I observed Kisliuk sprinting north through the alley towards our location.

As I walked towards Kisliuk, his first statement was "I have no knife, so you can't infringe on my second amendment." Kisliuk raised his arms simultaneously, and I noted that was wearing a baggy jacket, which covered his waistline, and baggy pants, which could conceal a weapon. I found Kisliuk's initial statement concerning and unusual, and questioned whether he was attempting to "bait" me into allowing him to approach closer so he could attack me.

I immediately told Kisliuk that he was charging me, being confrontational, and I ordered him to leave the area no less than three times. I noted that Kisliuk's face was now extremely red, and he was actively dripping sweat from his face and

Fort Bragg Police Department

250 Cypress Street
Fort Bragg, CA 95437-5437

Bus: (707) 961-2800
Fax: (707) 961-2806

hair. I found this concerning since I was approximately twenty feet away and could still see the sweat dripping off of him. Based on Kisliuk's mannerisms combined with my observations I formed the opinion that Kisliuk was manic and experiencing a crisis. Kisliuk's speech became extremely rapid, and I again asked him to leave. Kisliuk began referring to himself as "the Muslim".

I informed Kisliuk that I could not safely conduct my investigation due to his level of agitation and I again ordered him to leave the area. I warned Kisliuk that if he did not leave the area I was going to detain him in handcuffs. Kisliuk claimed that I was "menstruating", and I again informed him if he did not leave the area he would be detained in handcuffs.

I warned Kisliuk a third time that he was going to placed in handcuffs if he did not leave the area. Kisliuk confirmed that he understood he was at risk of being arrested by stating "Did you just hear that. He threatened to place me under arrest."

I returned to the investigation, and Sergeant McLaughlin again continued to supervise Kisliuk. From approximately seventy feet away, I could still hear Kisliuk screaming.

I returned to Kisliuk and again tried to deescalate the situation by explaining to him that I was investigating child abuse. Kisliuk remained agitated. Sergeant McLaughlin then warned Kisliuk that he was investigating with the investigation. Kisliuk continued to scream and began walking towards us.

Kisliuk then warned me, stating, "I have the right to self defense". Kisliuk's voice became even more elevated, and his speech remained rapid.

I then informed Sergeant McLaughlin that we were going to have to transport the child victim away from the scene due to the threat of Kisliuk. Sergeant McLaughlin confirmed that it was an "unsafe environment".

I began to walk back to the victim while Kisliuk continued to scream. I conferred with Officer Baker and then attempted to communicate with the suspect as to her being arrested. Kisliuk continued to yell making it difficult to communicate. Kisliuk even raised his voice further causing an increased disturbance.

At approximately 1300 hours, now nearly ten minutes since Kisliuk had returned to the scene of the investigation for a second time causing a disturbance, and had been provided a warning that he would be arrested if he did not leave, I formed the opinion that Kisliuk had violated 148(a)(1) PC. Additionally, this was based on my investigation having to be paused multiple times for no less than twelve minutes so I could address Kisliuk's behavior.

Print Date / Time 11/8/2023 12:50:00 PM | File Number G2301083 | Page Number 3 of 6

Fort Bragg Police Department

250 Cypress Street
Fort Bragg, CA 95437-5437

Bus: (707) 961-2800
Fax: (707) 961-2806

I approached Kisliuk and provided a final warning that he was going to be arrested. Kisliuk two steps backwards, and stopped while still filming me. Kisliuk then stated something to the effect of "All I needed was one more violation of my 4th Amendment and then I am good to go."

I informed Kisliuk he was under arrest for violation of 148 of the Penal Code and I ordered him to turn around and place his hands behind his back. Kisliuk ignored my commands and turned to walk away. I gave the lawful command a second time and Kisliuk turned and began walking backwards away from me.

Sergeant McLaughlin and I secured Kisliuk's arms and he resisted being handcuffed by tensing his arms, chest and back. Kisliuk was secured in handcuffs by Sergeant McLaughlin without issue.

When I touched Kisliuk, I noted that his shirt was soaked from top to bottom in sweat. Kisliuk was moved to a patrol vehicle and secured in the back.

At 1333 hours, I contacted Kisliuk in the back of a patrol vehicle at booking. I read Kisliuk his Miranda rights from an agency issued card. Kisliuk indicated that he understood his rights and he provided the following summarized statement:

**STATEMENT OF DANIEL KISLIUK:**

Kisliuk admits that he ran up to the scene the first time and that he was agitated. Kisliuk admitted that I told him to stay back and that he continued to scream and have an elevated voice. Kisliuk then changed his statement, and said that he did not believe he became "elevated" until he returned to the scene the second time.

After Kisliuk left the scene the first time, he returned to his hotel room, drank some coffee "and set down his knife". Kisliuk then heard on his scanner "that we were detaining a mother and child". Kisliuk then returned to my location. Kisliuk admits that he did not know any of the parties involved in my initial investigation. Kisliuk claimed that he immediately announced upon returning to the scene "that I don't have my knife", because he wanted me to know that "he was no longer exercising his Second Amendment right, he was now only exercising his First Amendment right". Kisliuk also admitted that he made the statement because he heard me announce on the radio that he was armed with a knife.

Kisliuk admitted that he was sweating when he returned to the scene because "he ran to the scene and he was getting back there as fast as he could". Kisliuk stated he walked to his hotel at the Baymont, and then ran back to the scene.

Fort Bragg Police Department
250 Cypress Street
Fort Bragg, CA 95437-5437
Bus: (707) 961-2800
Fax: (707) 961-2806

Kisliuk admits that I told him he was interfering with the investigation based on him screaming. Kisliuk admits that his response to that warning was "It's my First Amendment right to be here".

When told to leave or he would be arrested, Kisliuk stated he began "backing up while still facing the same way". When Kisliuk was asked to estimate how long he was at the location screaming, Kisliuk responded, "The whole time I was filming I was agitated and my voice was elevated."

Kisliuk claimed that he was making statements about "Allah is watching, and you will burn in hell", during the first contact, not the second.

When confronted regarding Kisliuk's statement during the last arrest "that he was going to provoke officers until they put a bullet in his head", Kisliuk claimed he only said he wanted to kill himself so you might as put a bullet in my head.

End of statement.

**NARRATIVE CONTINUED:**

During the booking process the Honorable Judge Nadel was contacted via phone, informed of the circumstances related to the arrest, and advised that Kisliuk was currently released on bail from his 69 PC case. Judge Nadel ordered that Kisliuk's bail be revoked.

Prior to being transported to County Jail, Kisliuk relayed his concerns that his property was currently in a motel room at the Baymont (250 S Main Street). Kisliuk informed me that he had just removed his personal property from the vehicle we had towed and he was concerned the hotel would take it. I agreed to attempt to retrieve his property and store it as safekeeping as resources allowed.

Kisliuk was transported to County Jail by Officer Franco.

**EVIDENCE:**

Body-worn camera video of contacts with Kisliuk.

**RECOMMENDATION:**

Forward to the District Attorney's Office for prosecution.

Print Date / Time
11/8/2023 12:50:00 PM
File Number
G2301083
Page Number
5 of 6

Fort Bragg Police Department

250 Cypress Street
Fort Bragg, CA 95437-5437

Bus: (707) 961-2800
Fax: (707) 961-2806

Approved by : MCLAUGHLIN Date : 11/08/2023 12:48 PM

CONTROLLED DOCUMENT
NOT TO BE DUPLICATED
For Law Enforcement Only
To: Mendocino Co. D.A.
BY: GODINEZ F.B.P.D.
Name

Print Date / Time
11/8/2023 12:50:00 PM

File Number
G2301083

Page Number
6 of 6