UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

DANIEL KISLIUK,

    Plaintiff,

v.

CITY OF FORT BRAGG, et al.,

    Defendants.

Case No. 24-cv-03440-RMI

**ORDER ON MOTION TO DISMISS**

Re: Dkt. No. 70

    Defendants City of Fort Bragg, Thomas O'Neal, Tyler Baker, Neil Cervenka, Padriac Ferris, Jonathan McLoughlin, and Bernie Norvell (collectively, "City Defendants") have moved to dismiss Plaintiff's third amended complaint in this matter. The City Defendants assert that the Third Amended Complaint includes claims for *Monell* liability, supervisory liability, and First and Fourth Amendment violations which this court dismissed with prejudice. The City Defendants further assert that Plaintiff has improperly added new theories to his previous claims, exceeding the scope of leave to amend. For the reasons stated below, the City Defendants' motion will be DENIED.

    As an initial matter, it appears that the City Defendants have misread this court's previous ruling which dismissed Plaintiff's Second Amended Complaint in part. The City Defendants state that the court "denied leave to amend Plaintiff's *Monell* and supervisory liability claims outright." (Dkt. 70, p. 3). However, Plaintiff's *Monell* claim against the City was not dismissed at all, but rather allowed to proceed on a failure-to-discipline theory. (Dkt. 63, p. 29). Further, the court's previous order listed "Plaintiff's supervisory liability claims against Mayor Norvell and Chief Cervenka in their individual capacities[]" as among those "dismissed *without* prejudice[.]" (Dkt. 63, p. 30). Indeed, the court stated when granting leave to amend that Plaintiff would "add

1    evidence in support of his individual-capacity claim against Defendant Neil Cervenka for
2    supervisory liability." (Dkt. 68).

3         In their reply brief, the City Defendants cite "ECF 63 at pg 63 4-5 and 9-11" in support of
4    their assertion that leave to amend was denied. (Dkt. 73, p. 2). However, the court's order at dkt.
5    63 is a 31-page document (accordingly having no page 63), pages 4 and 5 contain only a recitation
6    of the facts alleged, and pages 9 thorough 11 contain additional alleged facts, the procedural
7    history, the governing legal standard, and the beginning of the court's analysis of Plaintiff's claim
8    for intentional infliction of emotional distress ("IIED"). Further, there is no page in dkt. 63 on
9    which *lines* 4–5 and 9–11 relate to the court's disposition of these claims. The City Defendants
10   are simply mistaken in regard to this court's rulings on Plaintiff's *Monell* and supervisory liability
11   allegations.

12        The City Defendants further contest the sufficiency of Plaintiff's supervisory liability
13   claims against Chief Cervenka. However, the Third Amended Complaint incorporates letters
14   signed by Cervenka stating that he had conducted "a thorough review of [Plaintiff's] allegations,
15   documents, and body worn camera" in pre-November 2023 incidents where Plaintiff claims his
16   rights were violated. (Dkt. 69-2). These letters can be construed to show that Cervenka took no
17   action on Plaintiff's claims despite having ample evidence of their validity. In other words,
18   Plaintiff has "allege[d] specific facts to establish the defendant's knowledge of and acquiescence
19   in the unconstitutional conduct of his subordinates." *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th
20   Cir. 2012) (internal quotations omitted). Contrary to the City Defendants' assertion, these are in
21   fact "plausible allegations that Chief Cervenka . . . was . . . aware of, or ratified the conduct at
22   issue." (Dkt. 70, p. 6). Accordingly, Plaintiff's supervisory liability claim against Chief Cervenka
23   may proceed.

24        Moving on to another of Plaintiff's claims in this matter, the City Defendants state that
25   Plaintiff has alleged additional IIED theories beyond the "cat ruse" discussed in this court's
26   previous order. However, the sections of Plaintiff's Second and Third Amended Complaints
27   detailing Plaintiff's IIED claims are materially identical save for the fact that the Third Amended
28   Complaint deleted IIED allegations against Mayor Norvell. *Compare* Dkt. 30, pp. 40–42 *with*

Dkt. 69, pp. 29–30.  To the extent Plaintiff alleges IIED on a theory besides the "cat ruse," Plaintiff appears to have done so in his Second Amended Complaint as well, and without objection from the City Defendants, who only addressed the "cat ruse" theory in their first motion to dismiss.  (Dkt. 33, pp. 13–14).  As any non- "cat ruse" IIED allegations do not appear to be new and were not addressed by the court in its previous orders, the court cannot dismiss them on the grounds that they exceeded the grant of leave to amend.

The City Defendants claim that Plaintiff is improperly re-alleging barred First Amendment claims relating to his November 1 arrest.  A review of the claims brought in the Third Amended Complaint, however, shows Plaintiff is not claiming any First Amendment violations relating to his November 1 arrest.  (Dkt. 69, pp. 31–32).  While Plaintiff mentions the First Amendment at times during his recitation of the facts, none of these mentions appears to be stating a claim so much as describing Plaintiff's conduct.  *See, e.g.,* dkt. 69, p. 8 (alleging, in the context of his IIED injury, that post-traumatic stress now leaves him unable to "exercis[e] my First Amendment right to" film the police).  The court will not imply a new First Amendment claim from this incidental usage of the term.

Similarly, the City Defendants state that Plaintiff is re-alleging barred Fourth Amendment claims relating to his November 1 arrest.  While it is technically true in a broad sense that Plaintiff is re-alleging Fourth Amendment claims relating to his November 1 arrest, these claims do not appear to concern the arrest itself, but rather the attendant seizure of his belongings.  *See* Dkt. 69, pp. 33–34.  The court has already held that those Fourth Amendment claims, unlike the ones challenging the arrest itself, may proceed.  (Dkt. 63, pp. 17–19).

The City Defendants claim that Plaintiff's complaint has added additional theories to certain existing claims: allegations of retaliation for prior protected speech and past interactions, new First Amendment allegations concerning Plaintiff's radio monitoring, and new allegations of fabrication and misconduct in Plaintiff's previous encounters with police.  The City Defendants do not cite any specific portions of Plaintiff's complaint containing these purportedly new, expanded allegations.  Out of an abundance of caution, the court compared the two complaints side by side and identified no material additions to the content of the Second Amended Complaint in the Third

3

1  Amended Complaint.  In other words, to the extent Plaintiff is making these additional allegations,
2  they are not "new."
3        Finally, to address a few points mentioned by the City Defendants in passing: while the
4  City Defendants note the length of the complaint as a "sprawling" 63 pages and express concerns
5  about litigants "who, left unchecked, expand their pleadings with every new grievance and
6  imagined slight" (dkt. 70, p. 3), the Third Amended Complaint itself (without exhibits) is 18 pages
7  *shorter* than its predecessor.  And while the City Defendants claim that the Third Amended
8  Complaint "names new defendants" (dkt. 70, p. 7), a review of the parties named in both versions
9  indicates that the Third Amended Complaint not only names no new defendants, but has *removed*
10 several defendants compared to the Second Amended Complaint.
11       To conclude, it does not appear to the court that Plaintiff exceeded his leave to amend in
12 any of the ways that the City Defendants claim.  Accordingly, the City Defendants' motion will be
13 DENIED.
14 **IT IS SO ORDERED.**
15 Dated: June 16, 2025

ROBERT M. ILLMAN
United States Magistrate Judge

4