PATRICK MORIARTY, State Bar No. 213185
pmoriarty@cmtrlaw.com
JOHN ROBINSON, State Bar No. 297065
jrobinson@cmtrlaw.com
CASTILLO, MORIARTY, ROBINSON
75 Southgate Avenue
Daly City, CA  94015
Telephone:     (415) 213-4098

Attorneys for Defendants
CITY OF FORT BRAGG, THOMAS O'NEAL,
TYLER BAKER, NEIL CERVENKA, PADRIAC FERRIS,
JONATHAN McLAUGHLIN, and BERNIE NORVELL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL JACKSON KISLIUK,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF FORT BRAGG, MENDOCINO COUNTY SHERIFFS OFFICE, THOMAS O'NEAL, TYLER BAKER,<br><br>    Defendants. | Case No. 1:24-cv-03440-RMI<br><br>**DEFENDANTS CITY OF FORT BRAGG, THOMAS O'NEAL, TYLER BAKER, NEIL CERVENKA, PADRIAC FERRIS, JONATHAN MCLAUGHLIN, AND BERNIE NORVELL'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**<br><br>Magistrate Judge Robert M. Illman |

    Defendants CITY OF FORT BRAGG, THOMAS O'NEAL, TYLER BAKER, NEIL CERVENKA, PADRIAC FERRIS, and JONATHAN McLAUGHLIN, (hereinafter "Defendants") respond to the Third Amended Complaint (ECF 69) filed by PLAINTIFF DANIEL JACKSON KISLIUK ("Plaintiff").

**PARTIES**

    1.    In response to Paragraph 1, Defendants lack sufficient information or belief to admit or deny the allegations and therefore deny them.

    2.    In answer to the allegations of Paragraph 2, to the extent a response is required, Defendants admit the names and addresses of the named City and the following individuals: Thomas O'Neal, Tyler Baker, Neil Cervenka, Padriac Ferris, and Jonathan McLaughlin. In

answer to all remaining allegations or assertions, including that they are appropriately named as defendants, Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

**JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT**

3.  In response to Paragraph 3, Defendants admit Plaintiff purports to bring claims under 42 U.S.C. § 1983, but deny that any constitutional or statutory violation occurred.

4.  In response to Paragraph 4, Defendants admit that venue is proper in this Court as to the federal claim. Defendants further admit that this alleged incident occurred within the Northern District of California.

5.  In response to Paragraph 5, Defendants admit that venue is proper in this Court as to the federal claim. Defendants further admit that this incident occurred within the Northern District of California. Defendants admit that assignment to the Eureka Division of the Northern District of California is proper with consent to a magistrate judge.

**STATEMENT OF FACTS**

6.  In answer to the allegations of Paragraph 6, Defendants lack sufficient knowledge or information to form a belief as to the allegations contained within this paragraph, and on that basis deny each and every of the allegations contained therein.

7.  In answer to the allegations of Paragraph 7, Defendants lack sufficient knowledge or information to form a belief as to the allegations contained within this paragraph, and on that basis deny each and every of the allegations contained therein.

8.  In response to Paragraph 8, Defendants admit Officer O'Neal broadcast a fictitious report regarding an injured cat and later authored a police report explaining this. In answer to all remaining allegations of Paragraph 8, Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

9.  In response to Paragraph 9, Defendants admit Plaintiff was arrested on November 1, 2023, and that Officer O'Neal was involved in the arrest. In answer to all remaining allegations

of Paragraph 9, Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

10. In response to Paragraph 10, Defendants admit that Plaintiff was arrested on the date alleged by Fort Bragg Police Officer Thomas O'Neal. In answer to all remaining allegations of Paragraph 10, Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

11. In answer to the allegations of Paragraph 11, Defendants admit that Plaintiff was arrested on November 1, 2023, in the City of Fort Bragg, CA by Fort Bragg Police Officer Thomas O'Neal. Defendants lack sufficient knowledge or information to form a belief as to the allegations contained within this paragraph, and on that basis deny each and every of the allegations therein.

12. In answer to the allegations of Paragraph 12, Defendants lack sufficient knowledge or information to form a belief as to the allegations contained within this paragraph, and on that basis deny each and every of the allegations therein.

13. In answer to the allegations of Paragraph 13, Defendants lack sufficient knowledge or information to form a belief as to the allegations contained within this paragraph, and on that basis deny each and every of the allegations therein.

14. In answer to the allegations of Paragraph 14, Defendants lack sufficient knowledge or information to form a belief as to the allegations contained within this paragraph, and on that basis deny each and every of the allegations therein.

15. In answer to the allegations of Paragraph 15, Defendants deny the allegations contained within this paragraph.

16. In answer to the allegations of Paragraph 16, Defendants lack sufficient knowledge or information to form a belief as to the allegations contained within this paragraph, and on that basis deny each and every of the allegations therein.

17. In answer to the allegations of Paragraph 17, Defendants admit, based on ECF Doc. 30-3, the police report states, "I determined that towing Kisliuk's vehicle with him present would likely result in a violent confrontation," and also states, "In order to encourage Kisliuk to leave the area, I broadcast on the radio that officers are looking for an injured cat. It should be noted, that I selected this particular broadcast due to Kisliuk's recent multiple social media posts regarding the animal abuse investigation involving a cat." Defendants admit that ECF Doc. 30-3 states, "At 25:55, in my body-worn camera, Kisliuk throws his boots to the ground, and charges toward me while extremely agitated coming within striking distance. At one point, Kisliuk "cocks" his left hand backwards at shoulder level as if he intends on striking me. Kisliuk moves backwards, then turns and charges towards Sergeant Ferris coming within striking distance. Kisliuk turns, and again charges me with his hands raised. I inform Kisliuk that he cannot "charge up on me" like that. It should be noted that I have told Kisliuk on no less than five different occasions that he cannot approach police officers in an aggressive manner." Defendants also admit that ECF Doc. 30-3 states the Plaintiff stated, "I'm going to kill all of you" and "'something to the effect of' 'When I get out, I am going to find you & provoke you so much that you are going to have to put a bullet in my head.'" In answer to all remaining allegations of Paragraph 19 of the Second Amended Complaint, Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

18. In answer to the allegations of Paragraph 18, Defendants admit that Plaintiff was arrested on November 7, 2023, in the City of Fort Bragg, CA by Fort Bragg Police Officer Thomas O'Neal. Defendants lack sufficient knowledge or information to form a belief as to the allegations contained within this paragraph, and on that basis deny each and every of the allegations therein.

19. In answer to the allegations of Paragraph 19, Defendants admit that Plaintiff was arrested on November 7, 2023, in the City of Fort Bragg, CA by Fort Bragg Police Officer Thomas O'Neal. Defendants lack sufficient knowledge or information to form a belief as to the

CASTILLO, MORIARTY, ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

allegations contained within this paragraph, and on that basis deny each and every of the allegations therein.

20. In answer to the allegations of Paragraph 20, Defendants lack sufficient knowledge or information to form a belief as to the allegations contained within this paragraph, and on that basis deny each and every of the allegations therein.

21. In answer to the allegations of Paragraph 21, Defendants admit that Plaintiff was arrested on November 7, 2023, in the City of Fort Bragg, CA by Fort Bragg Police Officer Thomas O'Neal. Defendants lack sufficient knowledge or information to form a belief as to the allegations contained within this paragraph, and on that basis deny each and every of the allegations therein.

22. This paragraph is duplicative of Paragraph 21. In answer to the allegations of Paragraph 22, Defendants admit that Plaintiff was arrested on November 7, 2023, in the City of Fort Bragg, CA by Fort Bragg Police Officer Thomas O'Neal. Defendants lack sufficient knowledge or information to form a belief as to the allegations contained within this paragraph, and on that basis deny each and every of the allegations therein

23. In answer to the allegations of Paragraph 23, Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

24. In answer to the allegations of Paragraph 24, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations regarding the claims for injuries within this paragraph, and on that basis deny each and every of the allegations therein.

25. In answer to the allegations of Paragraph 25, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations regarding the claims for injuries within this paragraph, and on that basis deny each and every of the allegations therein.

26. In answer to the allegations of Paragraph 26, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations regarding the claims for injuries within this paragraph, and on that basis deny each and every of the allegations therein.

27. In answer to the allegations of Paragraph 27, Defendants deny each and every of the allegations therein.

28. In answer to the allegations of Paragraph 28, Defendants admit that Plaintiff was arrested on April 13, in the City of Fort Bragg, CA by Fort Bragg Police Officer Jarod Frank. Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

29. In answer to the allegations of Paragraph 29, Defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

30. In answer to the allegations of Paragraph 30, Defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

(**I**ntentional Infliction of Emotional Distress**)**

(*Against Thomas O'Neal, Tyler Baker, Neil Cervenka, City of Fort Bragg*)

31. In answer to the allegations of Paragraph 31, Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein. Paragraph 31 includes legal conclusions and argument to which no answer is required. To the extent that any answer is required as to the remaining Claims, Defendants deny such legal conclusions and argument.

32. In answer to the allegations of Paragraph 32, Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein. Paragraph 32 includes legal conclusions and argument to which no answer is required. To the extent that any answer is required as to the remaining Claims, Defendants deny such legal conclusions and argument.

33. In answer to the allegations of Paragraph 33, Defendants deny both generally and

1  specifically, each and every, all and singular, the allegations contained therein. Paragraph 33 includes legal conclusions and argument to which no answer is required. To the extent that any answer is required as to the remaining Claims, Defendants deny such legal conclusions and argument.

34.  In answer to the allegations of Paragraph 34, Defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein. Paragraph 34 includes legal conclusions and argument to which no answer is required. To the extent that any answer is required as to the remaining Claims, Defendants deny such legal conclusions and argument.

## SECOND CAUSE OF ACTION

**(**First Amendment**)**

(*Against Thomas O'Neal, Jonathan McLaughlin, Neil Cervenka, City of Fort Bragg*)

35.  In answer to the allegations of Paragraph 35, Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein. Paragraph 35 includes legal conclusions and argument to which no answer is required. To the extent that any answer is required as to the remaining Claims, Defendants deny such legal conclusions and argument.

36.  In answer to the allegations of Paragraph 36, Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein. Paragraph 36 includes legal conclusions and argument to which no answer is required. To the extent that any answer is required as to the remaining Claims, Defendants deny such legal conclusions and argument.

37.  In answer to the allegations of Paragraph 37 of the Second Amended Complaint, Defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein. Paragraph 37 includes legal conclusions and argument to which no answer is

1  required. To the extent that any answer is required as to the remaining Claims, Defendants deny such legal conclusions and argument.

38. In answer to the allegations of Paragraph 38, Defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein. Paragraph 38 includes legal conclusions and argument to which no answer is required. To the extent that any answer is required as to the remaining Claims, Defendants deny such legal conclusions and argument.

## THIRD CAUSE OF ACTION

**(**Fourth Amendment**)**

(*Against Thomas O'Neal, Padriac Ferris, Jonathan McLaughlin, Neil Cervenka, City of Fort Bragg*)

39. In answer to the allegations of Paragraph 39, Defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein. Paragraph 39 includes legal conclusions and argument to which no answer is required. To the extent that any answer is required as to the remaining Claims, Defendants deny such legal conclusions and argument.

40. In answer to the allegations of Paragraph 40, Defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein. Paragraph 40 includes legal conclusions and argument to which no answer is required. To the extent that any answer is required as to the remaining Claims, Defendants deny such legal conclusions and argument.

41. In answer to the allegations of Paragraph 41, Defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein. Paragraph 41 includes legal conclusions and argument to which no answer is required. To the extent that any answer is required as to the remaining Claims, Defendants deny such legal conclusions and argument.

42. In answer to the allegations of Paragraph 42, Defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein. Paragraph 42

CASTILLO, MORIARTY, ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

includes legal conclusions and argument to which no answer is required. To the extent that any answer is required as to the remaining Claims, Defendants deny such legal conclusions and argument.

43. In answer to the allegations of Paragraph 43, Defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein. Paragraph 43 includes legal conclusions and argument to which no answer is required. To the extent that any answer is required as to the remaining Claims, Defendants deny such legal conclusions and argument.

## FOURTH CAUSE OF ACTION

**(**Fourteenth Amendment**)**

(*Against Stephen Bonner, County of Mendocino*)

44. In answer to the allegations of Paragraph 44, Defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

45. In answer to the allegations of Paragraph 45, Defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

## GENERAL DENIAL

Except as expressly admitted, Defendants deny each and every allegation in the Third Amended Complaint.

## JURY DEMAND

Pursuant to Rule 38, Defendants request a jury trial for all claims.

## DEFENDANTS' AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Defendants allege that neither the Second Amended Complaint nor any of the alleged claims for relief therein state facts sufficient to constitute a cause of action against Defendants or state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The damages allegedly sustained by Plaintiff was caused or contributed to by the intentional or negligent acts and/or omissions of persons or entities other than Defendants or its

police officers, including Plaintiff himself. In the event that any fault of Defendants is found to have contributed to any such damages, Plaintiff's recovery, if any, from Defendants is limited to that percentage of Plaintiff's damages equal to the percentage by which Defendants' fault contributed to said damages.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff voluntarily consented to and participated in the acts complained of, and/or he failed to mitigate his damages, and said failure proximately contributed to the events and damages alleged in the Complaint.

**FOURTH AFFIRMATIVE DEFENSE**

Should plaintiff(s) recover non-economic damages against any defendant, the liability for noneconomic damages is limited to the degree of fault and several liability of said defendant's pursuant to Civil Code section 1431.2 and a separate, several judgment shall be rendered against said defendants based upon said defendant's degree of fault and several liability.

**FIFTH AFFIRMATIVE DEFENSE**

Individual defendant(s) are immune from 42 U.S.C. § 1983 liability pursuant to the doctrine of qualified immunity. See *White v. Pauly*, 137 S. Ct. 548 (2017), *Ashcroft v. al-Kidd*, 563 U.S. 731 (2011) and *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). Defendants are entitled to qualified immunity because there was no constitutional violation, and the applicable law was not so clearly established that no reasonable officer in Defendants' position could have believed their conduct was unlawful.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's causes of action are barred by unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

The City did not have an official policy or custom in place that caused the alleged constitutional violation. The City did not have a widespread practice or policy of unconstitutional behavior. The City provided adequate training and supervision of their employees. See *Monell v. New York Dept. of Social Services*, 436 U.S. 658 (1978).

**EIGHTH AFFIRMATIVE DEFENSE**

Any award for punitive damages herein would result in a deprivation of rights under the Constitutions of the United States and of the State of California.

///

### NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to sufficiently allege a cause of action on any federal claim for relief. Plaintiff has been denied no federally protected civil right without due process of law, since due process exists in the form of adequate remedies at law.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to sufficiently allege a cause of action on any federal claim for relief. Plaintiff has been denied no federally protected civil right without due process of law, since due process exists in the form of adequate remedies at law, including post-deprivation remedies under California law. See *City of West Covina v. Perkins*, 525 U.S. 234 (1999).

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are precluded from recovering punitive damages against Defendants public entity pursuant to California Government Code Section 818 and all other applicable federal and state statutes and judicial authorities relating to such damages.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the failure to file a sufficient claim as required under California Government Code Sections 910 *et seq.,* and other applicable provisions of law, and to the extent the Complaint is at variance with the Government Claim, or attempts to enlarge or expand upon those allegations and theories, the claims are barred under the provisions of California Government Code sections 905, 910, 911.2, 945.5, 950.2 and related provisions.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendants had reasonable suspicion and probable cause to detain and arrest Plaintiff.

### FOURTEENTH AFFIRMATIVE DEFENSE

To the extent the named Defendants used force, such force was reasonable.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendants and its police officers are immune from liability pursuant to California

Government Code sections 815, 815.2, 815.6, 818.8, 820.2, 820.4, 820.6, 822.2, 833, 833.5, 834a, 835, 835a, 836, 836.5, 840, 842, 843, 844, 844.6, 845, 845.2, 847, 850, 854.8 and other applicable provisions of California Government Code sections 810 through 996.6.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendants and its police officers are at all times referred to in Plaintiff's Complaint acted in complete good faith and reasonably within the meaning of all federal and state statutes, doctrines and judicial authorities.

### RESERVATION OF FURTHER AFFIRMATIVE DEFENSES

Defendants lack sufficient information of all facts and evidence surrounding Plaintiff's claims, and therefore is unable to ascertain at this time all affirmative defenses potentially available to them. Thus, Defendants hereby give notice that they intend to rely upon such other and further affirmative defenses as may become available during discovery proceedings in this case, and Defendants hereby reserve their right to seek the Court's permission to amend their Answer to assert such affirmative defenses.

### PRAYER

WHEREFORE Defendants pray that:

(1) Plaintiff takes nothing by reason of his Complaint;

(2) Defendants be awarded their costs of suit incurred herein and their attorneys' fees pursuant to 42 U.S.C. Section 1988 and all other applicable federal and state statutes and judicial authorities; and,

(3) Defendants be granted such further relief as the Court deems proper.

///
///
///
///
///
///

| | |
|---|---|
| Dated: July 22, 2025 | CASTILLO, MORIARTY, ROBINSON, LLP<br><br>By: */s/ Patrick Moriarty*<br>PATRICK MORIARTY<br>JOHN ROBINSON<br>Attorneys for Defendants<br><br>CITY OF FORT BRAGG, THOMAS O'NEAL, TYLER BAKER, NEIL CERVENKA, PADRIAC FERRIS, JONATHAN McLAUGHLIN, and BERNIE NORVELL |

CASTILLO, MORIARTY, ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015