UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| DANIEL KISLIUK,<br><br>            Plaintiff,<br><br>    v.<br><br>CITY OF FORT BRAGG, et al.,<br><br>            Defendants. | Case No. 24-cv-03440-RMI<br><br>**ORDER ON MOTION TO APPOINT COUNSEL**<br><br>Re: Dkt. No. 78 |

Plaintiff has filed a motion for appointment of counsel. (Dkt. 78). Plaintiff requests that the Court appoint counsel because he is indigent, his claims have been ruled to be plausible, his opponents are represented by counsel who he fears are "not forthcoming," he "lack[s] experience with the discovery process," he suffers from "some degree" of depression and anxiety, and his extensive efforts to obtain pro bono counsel have been unfruitful. *Id.* at 1. However, there is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). 28 U.S.C. § 1915 confers on a district court only the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). This does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

The court may ask counsel to represent an indigent litigant under Section 1915 only in "exceptional circumstances," the determination of which is based on (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Neither the need for discovery nor the fact that the pro se litigant

1  would be better served with the assistance of counsel necessarily means the issues involved are
2  complex.  *See Rand*, 113 F.3d at 1525 (where the plaintiff's pursuit of discovery was
3  comprehensive and focused and his papers were generally articulate and organized, district court
4  did not abuse discretion in denying request for counsel).  The burden to show a need for appointed
5  counsel is on the plaintiff.  *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

6        Here, the record does not currently show exceptional circumstances as is required to
7  appoint counsel.  It is too early in the case to evaluate Plaintiff's likelihood of success on the
8  merits.  However, Plaintiff has successfully articulated several claims and seems to have a fair
9  grasp of the law involved, which indicates that the case is not too complex for Plaintiff to pursue
10 without counsel.  Although a lawyer would certainly be helpful to Plaintiff in pursing discovery,
11 "this is not the test."  *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *aff'd en banc in*
12 *relevant part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998).  Instead, to obtain counsel, Plaintiff "must
13 show that because of the complexity of the claims he was unable to articulate his positions."  *Id.*
14 Because Plaintiff has not shown that he is unable to articulate his positions in this litigation, he has
15 not demonstrated exceptional circumstances.

16       The court is mindful of Plaintiff's mental health challenges.  However, to the extent that a
17 plaintiff is able to adequately articulate his claims pro se despite his disability, courts have found
18 that a request for counsel based on disability "essentially makes the same argument that every pro
19 se inmate can make—namely, that an attorney could or would handle the case better than he can."
20 *Hoang Minh Tranh v. Gore*, 2013 WL 878771, at *3 (S.D. Cal. Mar. 8, 2013).  Here, as discussed
21 above, Plaintiff appears to have a decent grasp of the relevant law and to be managing the
22 litigation fairly well.  Plaintiff has not demonstrated, and the court has seen no evidence, that
23 Plaintiff's anxiety and depression prevent him from pursuing his lawsuit.  Therefore, Plaintiff's
24 mental illnesses do not create an exceptional circumstance here.

25       Accordingly, the Court finds that appointment of counsel is not necessary at this time.
26 Plaintiff's motion for appointment of counsel is therefore DENIED without prejudice.  If later
27 developments in the case or Plaintiff's health indicate that exceptional circumstances may be
28 present, Plaintiff may file another motion for appointment of counsel.  In the meantime, the court

1  encourages Plaintiff to take advantage of the Northern District of California's resources and
2  guidance for pro se litigants, which are available at https://cand.uscourts.gov/pro-se-litigants/.
3  These resources include a "Pro Se Handbook" which discusses, among other things, the discovery
4  process and how to resolve discovery disputes.

**IT IS SO ORDERED.**

Dated: July 29, 2025

_____
ROBERT M. ILLMAN
United States Magistrate Judge